1  THEODORE K. STREAM, Bar # 138160
   Theodore.Stream@greshamsavage.com
2  RICHARD D. MARCA, Bar # 127365
   Richard.Marca@greshamsavage.com
3  MARIO H. ALFARO, Bar # 246420
   Mario.Alfaro@greshamsavage.com
4  **GRESHAM SAVAGE NOLAN & TILDEN,**
5  **A Professional Corporation**
   3750 University Avenue, Suite 250
6  Riverside, CA  92501-3335
   Telephone:  (951) 684-2171
7  Facsimile:   (951) 684-2150
8
   Attorneys for Defendant,
9  DIANNE CROWTHER

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA
12                      EASTERN DIVISION

| | |
|---|---|
| HALLMARK INDUSTRIES, INC. a California corporation, and RICHARD H. CROWTHER III, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PRIME-LINE PRODUCTS COMPANY, a California corporation; RICHARD H. CROWTHER, JR. an individual; DIANNE CROWTHER, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.  CV 11-05914 RGK(SPx)<br><br>Assigned Judge:  R. Gary Klausner<br>Assigned Discovery Magistrate: Sheri Pym<br><br>**DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Action Filed:      July 19, 2011 |

/ / /
/ / /
/ / /
/ / /
/ / /

1

DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

C1066-000 -- 875509.1

## JURISDICTION AND VENUE

1. Defendant admits the allegation contained in paragraph 1 of the Complaint that "one or more Defendants reside in this District." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendant admits all of the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegation in paragraph 3 of the Complaint that Rich owns 2.57% of the common shares of Prime Line Products Company. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendant admits all of the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits all of the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegation contained in paragraph 6 of the Complaint that Dianne Crowther ("Dianne") is an individual residing in the County of San Bernardino, State of California who is married to Richard H. Crowther Jr. ("Dick"). Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendant admits all of the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies all of the allegations contained in paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9. Defendant admits the allegations contained in paragraph 9 of the Complaint that "Prime-Line was founded in 1978 by Dick Crowther and George Stuphen." Defendant is without sufficient knowledge or information to form a

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

2

DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

C1066-000 -- 875509.1

belief as to the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegation in paragraph 11 of the Complaint that in 2000 Mr. Stuphen sold 80,500 to Dick. Defendant is without knowledge or information sufficient to form a belief as to what is meant by the term "controlling shareholder" or when Dick was the "controlling shareholder".

12. Defendant admits the allegations in paragraph 12 of the Complaint with the exception of the allegation that "During his tenure as President of Prime-Line, Rich developed and maintained valuable relationships with suppliers and customers of Prime-Line, and oversaw a lengthy period of growth in the Company's business". Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Defendant denies all of the allegations in paragraph 14 of the Complaint.

15. Defendant denies all of the allegations in paragraph 15 of the Complaint as framed.

16. Defendant admits the allegation in paragraph 15 of the Complaint that Rich continued to serve as Prime-Line's President. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Complaint.

17. Defendant denies all of the allegations in paragraph 17 of the Complaint.

18. Defendant admits the allegation in paragraph 18 of the Complaint that in November of 2008, Dick discussed the prospect of hiring Dianne to work for the Company with Rich. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

3

DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

C1066-000 -- 875509.1

Complaint as they are framed in a manner as to what "Rich" believed at a given time.

19.  Defendant admits the allegations in paragraph 19 of the Complaint that Dick informed Rich that Dianne would be starting as an employee of Prime-Line beginning in early 2009 and that Dianne began her employment in February of 2009. Defendant denies the remaining allegations in paragraph 19 of the Complaint.

20.  Defendant admits the allegation in paragraph 20 of the Complaint that during an investigation, Dianne questioned an employee regarding a sexually explicit text message that had been sent. Defendant denies the remaining allegations contained in paragraph 20 of the Complaint.

21.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.  Defendant denies all of the allegations contained in paragraph 23 of the Complaint.

24.  Defendant admits all of the allegations contained in paragraph 24 of the Complaint.

25.  Defendant denies the allegations contained in paragraph 25 of the Complaint.

26.  Defendant admits the allegations in paragraph 26 of the Complaint.

27.  Defendant denies all of the allegations in paragraph 27 of the Complaint.

28.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.  Defendant admits the allegations in paragraph 29 of the Complaint that Dick interviewed Ron Turk for the position of President of the Company and

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

4
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT
C1066-000 -- 875509.1

that a Board meeting was scheduled to approve the hiring. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint.

30. Defendant admits the allegations in paragraph 30 of the Complaint that on August 9, 2010 a Board meeting was held with Diane present and at the meeting Terry Kokot "stated his satisfaction with the manner in which Rich had performed his duties for the Company." Defendant also admits that "Dick responded by stating that 'we are not here to terminate Rich.'" Defendant denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Defendant admits all of the allegations in paragraph 31 of the Complaint.

32. Defendant denies all of the allegations in paragraph 32 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Defendant admits all of the allegations in paragraph 34 of the Complaint.

35. Defendant admits the allegation contained in paragraph 35 of the Complaint that Dick transferred his 50% ownership in Hallmark to Rich in September of 2010. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in paragraph 36 of the Complaint that Hallmark operated out of Prime-Line's facility in San Bernardino for many years and that Hallmark would, at times, jointly order products with Prime-Line. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint.

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

5
C1066-000 -- 875509.1
**DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT**

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies all of the allegations in paragraph 39 of the Complaint.

40. Defendant admits the allegations in paragraph 40 of the Complaint that Prime-Line no longer permits Hallmark to use its facilities and no longer engages in joint ordering with Hallmark. Defendant denies the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendant denies all of the allegations in paragraph 41 of the Complaint.

42. Defendant denies all of the allegations in paragraph 42 of the Complaint.

43. Defendant denies all of the allegations in paragraph 43 of the Complaint.

## FIRST CAUSE OF ACTION

44. Defendant restates and realleges each and every response to each and every allegation contained in paragraphs "1" through "43" of the Complaint, inclusive, as if more fully set forth above.

45. Defendant denies all of the allegations in paragraph 45 of the Complaint.

46. Defendant denies all of the allegations in paragraph 46 of the Complaint.

47. Defendant denies all of the allegations in paragraph 47 of the Complaint.

///

///

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

6
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT
C1066-000 -- 875509.1

## SECOND CAUSE OF ACTION

48.   Defendant restates and realleges each and every response to each and every allegation contained in paragraphs "1" through "47" of the Complaint, inclusive, as if more fully set forth above.

49.   Defendant denies all of the allegations in paragraph 49 of the Complaint.

50.   Defendant denies all of the allegations in paragraph 50 of the Complaint.

51.   Defendant denies all of the allegations in paragraph 51 of the Complaint.

52.   Defendant denies all of the allegations in paragraph 52 of the Complaint.

## THIRD CAUSE OF ACTION

53.   Defendant restates and realleges each and every response to each and every allegation contained in paragraphs "1" through "52" of the Complaint, inclusive, as if more fully set forth above.

54.   Defendant denies all of the allegations in paragraph 54 of the Complaint.

55.   Defendant denies all of the allegations in paragraph 55 of the Complaint.

56.   Defendant denies all of the allegations in paragraph 56 of the Complaint.

## FOURTH CAUSE OF ACTION

57.   Defendant restates and realleges each and every response to each and every allegation contained in paragraphs "1" through "56" of the Complaint, inclusive, as if more fully set forth above.

58.   Defendant denies all of the allegations in paragraph 58 of the Complaint.

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

7

DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

C1066-000 -- 875509.1

59. Defendant denies all of the allegations in paragraph 59 of the Complaint.

60. Defendant denies all of the allegations in paragraph 60 of the Complaint.

## FIFTH CAUSE OF ACTION

61. Defendant restates and realleges each and every response to each and every allegation contained in paragraphs "1" through "60" of the Complaint, inclusive, as if more fully set forth above.

62. Defendant denies all of the allegations in paragraph 62 of the Complaint.

63. Defendant denies all of the allegations in paragraph 63 of the Complaint.

64. Defendant denies all of the allegations in paragraph 64 of the Complaint.

## TENTH CAUSE OF ACTION

65. Defendant restates and realleges each and every response to each and every allegation contained in paragraphs "1" through "64" of the Complaint, inclusive, as if more fully set forth above.

66. Defendant denies all of the allegations contained in paragraph 90 of the Complaint.

67. Defendant denies all of the allegations contained in paragraph 91 of the Complaint.

68. Defendant denies all of the allegations contained in paragraph 92 of the Complaint.

69. Defendant denies all of the allegations contained in paragraph 93 of the Complaint.

70. Defendant denies all of the allegations contained in paragraph 94 of the Complaint.

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

8

DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

C1066-000 -- 875509.1

71.  Defendant denies all of the allegations contained in paragraph 95 of the Complaint.

### ELEVENTH CAUSE OF ACTION

72.  Defendant restates and realleges each and every response to each and every allegation contained in paragraphs "1" through "64" and "89" through "95" of the Complaint, inclusive, as if more fully set forth above.

73.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

74.  Defendant denies all of the allegations contained in paragraph 98 of the Complaint.

75.  Defendant denies all of the allegations contained in paragraph 99 of the Complaint.

76.  Defendant denies all of the allegations contained in paragraph 100 of the Complaint.

77.  Defendant denies all of the allegations contained in paragraph 101 of the Complaint.

78.  Defendant denies all of the allegations contained in paragraph 102 of the Complaint.

79.  Defendant denies all of the allegations contained in paragraph 103 of the Complaint.

### FOURTEENTH CAUSE OF ACTION

80.  Defendant restates and realleges each and every response to each and every allegation contained in paragraphs "1" through "64", "89" through "95", and "96" through "103" of the Complaint, inclusive, as if more fully set forth above.

of the Complaint, inclusive, as if more fully set forth above.

81.  Defendant denies all of the allegations contained in paragraph 118 of the Complaint.

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

9

DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

C1066-000 -- 875509.1

82. Defendant denies all of the allegations contained in paragraph 119 of the Complaint.

83. Defendant denies all of the allegations contained in paragraph 120 of the Complaint.

84. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint.

85. Defendant denies all of the allegations contained in paragraph 120 of the Complaint.

86. Defendant denies all of the allegations contained in paragraph 120 of the Complaint.

## PRAYER FOR RELIEF

The Defendant denies that Plaintiffs are entitled to judgment or relief with respect to any of the eleven claims for relief set forth in the Complaint.

## GENERAL DENIAL

1. To the extent that Defendant has failed to specifically respond above to any of the allegations contained in the Complaint, Defendant denies all such allegations.

## AFFIRMATIVE DEFENSES

2. Defendant reserves the right to assert any and all applicable defenses to Plaintiffs' claims. Defendant has not yet obtained adequate discovery from Plaintiffs or others in connection with this action, and Defendant therefore reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in its answer or assuming any burden of proof that it would not otherwise bear, Defendant states as follows:

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

10
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT
C1066-000 -- 875509.1

## FIRST AFFIRMATIVE DEFENSE

3. The Complaint fails to allege a properly defined and legally cognizable relevant antitrust product market.

## SECOND AFFIRMATIVE DEFENSE

4. The Complaint fails to allege a properly defined and legally relevant antitrust geographic market.

## THIRD AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not sustained antitrust injury proximately caused by the conduct of Defendant and/or Plaintiffs have not suffered injury of the type that the antitrust laws are designed to prevent.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

6. The Complaint and each purported cause of action contained therein fail to state a claim or cause of action against Defendant upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

(Preemption: Unreasonable Burden on Interstate Commerce)

7. The causes of action attempted to be set forth in the Complaint are preempted, in whole or in part, by the Supremacy Clause of the United States Constitution, Article VI Clause 2, and/or on the grounds that these claims seek to impose an unreasonable and/or undue burden on interstate commerce in violation of Article 1, Section 8, Clause 3 of the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

(Exhaustion of Remedies)

8. Plaintiffs have failed to exhaust all of their administrative remedies and therefore are precluded from asserting their claims in this action at this time.

///

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

11

DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

C1066-000 -- 875509.1

### SEVENTH AFFIRMATIVE DEFENSE

(Statutes of Limitation)

9. The Complaint and each purported cause of action contained therein are barred in part by the applicable statutes of limitation.

### EIGHTH AFFIRMATIVE DEFENSE

(Lack of Standing)

10. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to assert any or all of the causes of action alleged in the Complaint either individually or in a representative capacity.

### NINTH AFFIRMATIVE DEFENSE

(No Injury in Fact)

11. Plaintiffs' claims are barred in whole or in part to the extent that they have not suffered any injury in fact.

### TENTH AFFIRMATIVE DEFENSE

(Proximate Cause)

12. Any injuries Plaintiffs claims to have suffered were not proximately or materially caused by the Defendant's alleged acts, conduct, or omissions, and Plaintiffs are therefore barred from recovery.

### ELEVENTH AFFIRMATIVE DEFENSE

(Legal Fault of Others/Intervening or Superseding Acts of Third Parties)

13. Any purported injuries suffered by Plaintiffs were, either wholly or in part, the legal fault of persons, firms, corporations or entities other than the Defendant and that legal fault eliminates or reduces the responsibility, if any, which is to be borne by the Defendant. Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom the Defendant had no control. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

/ / /

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

12

DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

C1066-000 -- 875509.1

## TWELFTH AFFIRMATIVE DEFENSE
### (Justifiable Actions)

14. Any conduct undertaken by the Defendant concerning or relating to Plaintiffs was in all respects fair, privileged, or justified and was undertaken without malice, unlawful means, or intent to injure Plaintiffs or any other person or entity.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Justification/Lawful Pursuits)

15. Plaintiffs' claims are barred, in whole or in part, because any conduct engaged in by the Defendant has been lawful, reasonable, based upon independent, legitimate business and economic justifications, without any purpose or intent to injure competition.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Conduct Pursuant to Law)

16. To the extent the Defendant undertook any of the activities alleged in the Complaint, those activities were undertaken pursuant to, were required by, and/or conformed with, all applicable laws, statutes, regulations, and orders applicable to such conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

17. Plaintiffs are not entitled to any injunctive or equitable relief because Plaintiffs have an adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

18. Defendant is informed and believes, and on that basis alleges, that Plaintiffs are not entitled to injunctive relief or equitable relief because Plaintiffs have not suffered and will not suffer any irreparable harm.

/ / /

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

C1066-000 -- 875509.1

13
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Remote or Speculative Damages)

19. Any damages that Plaintiffs allege to have suffered from the matters alleged in the Complaint are too remote or speculative to allow recovery.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

20. Plaintiffs have failed to mitigate their purported damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE
(Unjust Enrichment)

21. Plaintiffs would be unjustly enriched if they were allowed to recover any relief claimed to be due.

## TWENTIETH AFFIRMATIVE DEFENSE
(Offset)

22. Plaintiffs' damages, if any, must be offset by any benefits that Plaintiffs received.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(Waiver/Estoppel)

23. Plaintiffs have waived and/or are estopped from asserting each purported cause of action in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
(Laches)

24. By reasons of Plaintiffs' own conduct, acts, and omissions, Plaintiffs are barred from any recovery by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

25. Plaintiffs are barred from obtaining equitable relief because Plaintiffs are guilty of unclean hands.

///

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

14
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT
C1066-000 -- 875509.1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Constitutional Defects in Section 17200 et seq.)

26. Any finding of liability under California Business & Professions Code §§ 17200 et seq. would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Constitutional Defects in Section 17200 et seq.)

27. California Business & Professions Code § 17200 et seq. improperly delegates the Executive Branch's prosecutorial power to private parties, in contravention of the separation of powers doctrine, and provisions of Article V of the California Constitution vesting the State's executive power in the Executive Branch, by authorizing private plaintiffs without any individualized injury to bring suit on behalf of the interests of the general public.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Constitutional Defects in Section 17200 et seq.)

28. Any award of restitution under California Business & Professions Code § 17200 et seq. or other authority would constitute a taking of property without just compensation in violation of the Takings Clauses of the Fifth Amendment of the United States Constitution (as incorporated by the Due Process Clause of the Fourteenth Amendment to the United States Constitution), and of Article I, Section 19 of the California Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Excessive Fines)

29. Any award of treble damages, punitive damages and/or restitution pursuant to California Business and Professions Code §§ 16720 et seq. or 17200 et

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

15
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT
C1066-000 -- 875509.1

seq. would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Manager's Privilege)

30.  Plaintiffs claims are barred as to Defendant because at all times alleged in the Complaint Defendant was an employee of the Company and were acting within the course and scope of their duties for the Company. Each and every act alleged in the Complaint to have been undertaken by Defendant was done so for the benefit of the Company. Accordingly, Defendant cannot be held personally liable for their conduct.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
(Agency)

31.  Plaintiffs claims are barred as to Defendant because at all times alleged in the Complaint Defendant was the Company's agents and was acting within the course and scope of their agency for the Company. Each and every act alleged in the Complaint to have been undertaken by Defendant was done so for the benefit of the Company. Accordingly, Defendant cannot be held personally liable for their conduct.

### THIRTIETH AFFIRMATIVE DEFENSE
(Additional Separate and Additional Defenses)

32.  Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend their Answer and assert such defenses.

WHEREFORE, the Defendant prays as follows:

1.  That Plaintiffs take nothing by the Complaint;
2.  That the Complaint, and each and every purported claim for relief

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

16
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT
C1066-000 -- 875509.1

1  alleged therein, be dismissed with prejudice;

2      3.    That Defendant recovers its fees and costs of suit incurred herein, including reasonable attorneys' fees; and

4      4.    For such other and further relief as the Court may deem just and proper; and

6      5.    That Judgment is entered in favor of Defendant.

Dated: May 1, 2012

GRESHAM SAVAGE NOLAN & TILDEN,
A Professional Corporation

By: _____
Theodore K. Stream
Richard D. Marca
Mario H. Alfaro
Attorneys for Defendant,
DIANNE CROWTHER

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

17
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT
C1066-000 -- 875509.1

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

Re: *Hallmark Industries, Inc., et al. vs. Prime-Line Products Company, et al.*
U.S. District Court-Eastern Division  Case No.: CV 11-05914 RGK(SPx)

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 3750 University Avenue, Suite 250, Riverside, CA 92501-3335. On May 1, 2012, I served copies of the within documents described as **DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action in a sealed envelope addressed as follows:

**See attached Service List**

[X] **BY MAIL** - I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day in the ordinary course of business, with postage thereon fully prepaid at Riverside, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY PERSONAL SERVICE** - I caused such envelope to be delivered by hand to the offices of the addressee pursuant to C.C.P. § 1011.

[ ] **BY EXPRESS MAIL/OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. § 1013(c), with delivery fees fully prepaid or provided for.

[ ] **BY FACSIMILE** - I caused such document to be delivered to the office of the addressee via facsimile machine pursuant to C.C.P. § 1013(e). Said document was transmitted to the facsimile number of the office of the addressee from the office of Gresham Savage Nolan & Tilden, in Riverside, California, on the date set forth above. The facsimile machine I used complied with California Rules *of Court*, Rule 2003(3) and no error was reported by the machine. Pursuant to California *Rules of Court*, Rule 2009(i), I caused the machine to print a record of the transmittal, a copy of which is attached to this declaration.

[X] **FEDERAL** - I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1, 2012, at Riverside, California.

*/s/ Kimberly Trease*
KIMBERLY TREASE

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

18
DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT
C1066-000 -- 875509.1

# SERVICE LIST

| | |
|---|---|
| Lawrence J. Hilton<br>William E. Halle<br>Jennifer Sun<br>O'NEIL, LLP<br>19900 MacArthur Blvd., Suite 1050<br>Irvine, CA 92612<br>Telephone: (949) 798-0500<br>Fax: (949) 798-0511<br>Email: lhilton@oneil-llp.com | ***Attorneys for Plaintiffs:***<br><br>HALLMARK INDUSTRIES, INC. and RICHARD H. CROWTHER, III |
| James A. Stankowski<br>Marc V. Allaria<br>WILSON, ELSER, MOSKOWITZ,<br>EDELMAN & DICKER LLP<br>555 S. Flower Street, Suite 2900<br>Los Angeles, CA 90071<br>Telephone: (213) 443-5100<br>Fax: (213) 443-5101<br>Email: James.Stankowsky@wilsonelser.com<br>Email: Marc.Allaria@wilsonelser.com | ***Attorneys for Defendants:***<br><br>PRIME-LINE PRODUCTS COMPANY |

GRESHAM | SAVAGE
ATTORNEYS AT LAW
3750 UNIVERSITY AVE.
STE. 250
RIVERSIDE, CA 92501-3335
(951) 684-2171

19

**DEFENDANT DIANNE CROWTHER'S ANSWER TO FIRST AMENDED COMPLAINT**

C1066-000 -- 875509.1